**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| KARA JACKSON                    ) | |
|                Plaintiff,          ) | |
| vs.                                              ) | NO. CIV-07-0651-HE |
| QUEBECOR WORLD (USA), INC.   )
and WESTAFF (USA) INC.              ) | |
|                Defendants.      ) | |

### ORDER

Plaintiff Kara Jackson brings this action against defendants Quebecor World (USA), Inc.,[1] ("Quebecor") and Westaff (USA), Inc., ("Westaff"). She asserts claims of racial discrimination and retaliatory discharge in violation of 42 U.S.C. § 2000(e) et seq. ("Title VII"), intentional interference with prospective economic advantage, and defamation. Defendant Westaff filed a motion for summary judgment as to all of plaintiff's claims against it. Plaintiff has failed to respond to defendant's summary judgment motion; therefore, "material facts set forth in the statement of the material facts of the movant may be deemed admitted for the purpose of summary judgment." LCvR56.1(c).

Summary judgment is appropriate only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "Unsupported conclusory allegations [] do not create a genuine issue of fact." *L&M Enterprises, Inc. v. BEI Sensors & Systems Co.*, 231 F.3d 1284, 1287 (10th Cir. 2000).

---

[1] *Quebecor World (USA) Inc. has filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Pursuant to 11 U.S.C. § 362, all proceedings as to Quebecor have been automatically stayed.*

The evidence and any reasonable inferences that might be drawn from it are viewed in the light most favorable to the nonmoving party. *Davidson v. America Online, Inc.*, 337 F.3d 1179, 1182 (10th Cir. 2003). "[A]lthough a district court may consider a motion for summary judgment uncontested for lack of a timely response, it cannot grant summary judgment unless the moving party has met its initial burden of production under Rule 56 and demonstrated that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law." *Issa v. Comp USA*, 354 F.3d 1174, 1178 (10th Cir. 2003) (citing *Reed v. Bennett*, 312 F.3d 1190, 1194-95 (10th Cir. 2002)). Having applied the Rule 56 standard to determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law," *Jeffries v. Kansas*, 147 F.3d 1220, 1228 (10th Cir. 1998) (internal quotation and citation omitted), the court concludes the defendant's motion should be granted.

## BACKGROUND

Defendant's uncontested submissions establish this factual background. In early 2002, plaintiff was employed by defendant Westaff and soon thereafter became a regular staff employee. In 2004, plaintiff was assigned to work at defendant Quebecor. On June 16, 2006, Quebecor management voiced concerns about plaintiff's workplace performance and conduct to Westaff. Plaintiff was suspended from her position at Quebecor as a result of these concerns. On June 21, 2006, plaintiff was informed by letter of specific concerns about her performance and also warned that continued employment with Westaff was contingent upon compliance with company expectations. Further discussion was had with plaintiff in

July, 2006, concerning her performance.  Plaintiff was terminated by Westaff on August 2, 2006.  Plaintiff filed an EEOC charge in December, 2006, and was issued a Notice of Right to Sue dated April 3, 2007.  Plaintiff's complaint was filed June 7, 2007.[2]

## DISCUSSION

In the absence of any response by plaintiff, the court's task is to determine whether defendant has met its initial responsibility of demonstrating the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law.  Here, defendant seeks to meet that burden by showing the absence of evidence supporting elements of plaintiff's case which are critical to her claim.

To establish a prima facie case of racial discrimination under Title VII, plaintiff "must demonstrate (1) membership in a protected class, (2) adverse employment action, and (3) disparate treatment among similarly situated employees."  *Orr v. City of Albuquerque*, 417 F.3d 1144, 1149 (10th Cir. 2005) (citing *Trujillo v. University of Colorado Health Science Center*, 157 F.3d 1211, 1215 (10th Cir. 1998)).  Plaintiff has failed to offer admissible evidence supporting the third element of a prima facie case for racial discrimination.  Plaintiff's unsubstantiated allegations of disparate treatment are insufficient to support her claim.  *See Bones v. Honeywell International, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004) ("Unsubstantiated allegations carry no probative weight in summary judgment proceedings.")

---

[2]*Title VII requires a litigant to file a claim within 300 days of the alleged discriminatory conduct.  42 U.S.C. § 2000e-5(e)(1).  The parties do not contest that plaintiff has complied with this requirement.*

(citing *Phillips v. Calhoun*, 956 F.2d 949, 951 n.3 (10th Cir. 1992). Similarly, plaintiff has failed to put forth admissible evidence that she was paid less than similarly situated employees, subjected to a hostile work environment, or that her termination or any other employment actions were motivated by racially discriminatory animus. Accordingly, the court concludes defendant has shown its entitlement to summary judgment as to the Title VII discrimination claim, based on the absence of admissible evidence supporting essential elements of that claim.

To establish a prima facie case of retaliation under Title VII, "an employee must show that: '(1) she engaged in protected activity; (2) she suffered an adverse employment action; and (3) there was a causal connection between the protected activity and the adverse action.'" *Timmerman v. U.S. Bank, N.A.*, 483 F.3d 1106, 1122-23 (10th Cir. 2007) (quoting *Duncan v. Manager, Dept. of Safety, City and County of Denver*, 397 F.3d 1300, 1314 (10th Cir. 2005). Plaintiff's bare allegations do not present sufficient evidence to establish "a logical connection between each element of the prima facie case and the illegal discrimination for which it establishes a 'legally mandatory, rebuttable presumption.'" *O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 311-12 (1996) (quoting *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 254 n.7 (1981). Further, defendant Westaff has set forth "a legitimate, nondiscriminatory reason for the adverse employment action." *Timmerman*, 483 F.3d at 1123. Thus, defendant has established its entitlement to summary judgment as to the Title VII retaliation claim.

A claim of intentional interference with prospective economic advantage in Oklahoma

"requires a party to show (1) the existence of a valid business relation or expectancy, (2) knowledge of the relationship or expectancy by the defendant(s), (3) intentional interference inducing or causing a breach or termination of the relationship or expectancy, and (4) resultant damage." *Champagne Metals v. Ken-Mac Metals, Inc.*, 458 F.3d 1073, 1094 n.24 (10th Cir. 2006) (citing *Boyle Services, Inc. v. Dewberry Design Group, Inc.*, 24 P.3d 878, 880 (Okla. Civ. App. 2001)). Plaintiff has failed to advance admissible evidence of any intentional interference by defendant Westaff or resulting damage. Accordingly, defendant has shown its entitlement to judgment on that claim.

Likewise, plaintiff's defamation claim is unsupported by admissible evidence as to its essential elements. Plaintiff's effort to identify who said what to whom, which allegedly resulted in lost employment opportunities, damage to her reputation, and emotional distress is based wholly on speculation and hearsay evidence. Accordingly, plaintiff has failed to establish a genuine issue as to material facts necessary to her defamation claim and defendant has shown its entitlement to judgment on that claim.

## CONCLUSION

The court finds that there is no genuine issue of material fact and that defendant is entitled to judgment as a matter of law on all claims. Accordingly, defendant Westaff's motion for summary judgment [Doc. #50] is **GRANTED** in its entirety.

**IT IS SO ORDERED**.

Dated this 23rd day of September, 2008.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE